IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-03-312 (1) |
| | § | C.A. No. 05-354 |
| | § | |
| JOSE DE LOS SANTOS RODRIGUEZ, | § | |
|     Defendant-Movant. | § | |

## ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Jose de Los Santos Rodriguez's ("Rodriguez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 29),[1] filed with the assistance of counsel. The motion was filed on July 12, 2005, and was followed by a supporting memorandum filed on July 18, 2005. (D.E. 29, 30). The Court concludes that it is not necessary to order a government response because "it plainly appears from motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Rodriguez's motion is subject to dismissal because he waived his right to file the sole claim he raises therein. For this reason, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Rodriguez a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, Cr. C-03-312.

1

## II. FACTS AND PROCEEDINGS

On November 12, 2003, Rodriguez was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 316 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1). On January 8, 2004, Rodriguez pleaded guilty to the indictment, pursuant to a written plea agreement. (D.E. 8, 9). In exchange for his guilty plea to the indictment and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level credit for acceptance of responsibility and to recommend a sentence at the lowest end of the guideline range. (D.E. 9).

The plea agreement contained a voluntary waiver of Rodriguez's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 9 at ¶ 6)(emphasis in original).

The Court questioned Rodriguez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to collaterally attack his conviction and sentence. After ensuring that the waiver of his appellate rights was knowing and voluntary, the Court questioned Rodriguez regarding his waiver of the right to file a § 2255 motion:

> THE COURT: . . . You're also giving up another right. Whether or not you would've appealed, you would've had a right to collaterally attack the sentence with what's called writ of habeas corpus or statutory

2

> 2255, where people, inmates, have used that mechanism to try to set aside the conviction based on constitutionality, jurisdiction or such matters as ineffective assistance of counsel. If you go forward with this plea you give up that right forever to bring a 2255. Do you understand that? ... Mr. Rodriguez?
>
> THE DEFENDANT: Yes, your Honor.

(Rearraignment Transcript ("R. Tr.") at 21-22). Rodriguez also verified that the plea agreement was his, that it was his entire agreement and that he understood it. (R. Tr. at 23-24). He further testified that he read it completely and discussed it completely with his attorney before signing it. (R. Tr. at 25-26). It is clear from the foregoing that Rodriguez's waiver of his § 2255 right was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Rodriguez on June 29, 2004 to 37 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release, a $750 fine and a $100 special assessment. (D.E. 20, 21). Judgment of conviction and sentence was entered July 7, 2004. (D.E. 21). Consistent with his waiver of appellate rights, Rodriguez did not appeal. He filed the instant § 2255 motion on July 12, 2005. It is timely.

### III. MOVANT'S ALLEGATIONS

In his motion, Rodriguez's sole claim is that he was denied effective assistance of counsel at sentencing. Specifically, he claims that his counsel failed to argue for a downward departure based on Rodriguez's alleged assistance to the government. He argues that his counsel should have argued that the Court had the authority to depart downward pursuant to Blakely v. Washington,[2] 124 S. Ct. 2531 (2004), which was decided on June 24, 2004, five days before Rodriguez was sentenced.

---

[2] Blakely was not explicitly extended to the federal guidelines by the Supreme Court until its decision in United States v. Booker, 125 S. Ct. 738 (2005), decided on January 12, 2005.

3

## IV. ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.     Waiver of § 2255 Rights**

The Court need not address whether Rodriguez has procedurally defaulted his claims by failing to appeal, nor will the Court reach the merits of his claims. Rather, the Court concludes that Rodriguez's motion fails in its entirety because he waived his right to file the sole claim he raises in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Nowhere in his motion does Rodriguez challenge the validity of the waiver itself,[3] nor does he challenge his counsel's advice related to his plea or the waiver. See, e.g., United States v. White,

---

[3] Indeed, although his § 2255 counsel suggests that he has "scrupulous[ly] examin[ed]" the Plea Agreement, (see D.E. 30 at 10), neither Rodriguez's memorandum nor his motion references his waiver of § 2255 rights. Interestingly, however, the motion refers to Rodriguez's waiver of *appellate* rights, which was contained in the same paragraph of the plea agreement. (Compare D.E. 29 at 2, ¶¶ 9, 11 with D.E. 9 at ¶ 6).

307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). Thus, his claim is subject to the waiver.

Moreover, the record is plain that his waiver was knowing and voluntary. It is clear from the rearraignment transcript that Rodriguez understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required. See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Rodriguez's statements under oath are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977));Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Rodriguez's waiver of his right to file a § 2255 motion is valid and enforceable. His motion is not properly before the Court and is therefore DISMISSED.

**C.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A). A COA, however, "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003). Although Rodriguez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied, even before one is requested).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Rodriguez has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his waiver bars his motion. Accordingly, he is not entitled to a COA.

## V. CONCLUSION

For the above-stated reasons, Rodriguez's motion under 28 U.S.C. § 2255 is DISMISSED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 19th day of September 2005.

Janis Graham Jack
United States District Judge